IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS<br>206 Azalea Drive<br>Mullins, South Carolina, 29574<br><br>Plaintiff<br><br>v.<br><br>DOWNTOWN TIRE & CAR CARE, LLC<br>d.b.a Safeway Tire<br>c/o George J. Argie, Statutory Agent<br>6449 Wilson Mills Road<br>Mayfield Village, Ohio, 44143<br><br>-and-<br><br>MARK YAGOUR<br>12457 Bentbrook Drive<br>Chesterland, Ohio, 44026<br><br>Defendants. | ）））））））））））））））））））））））） | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT** |

Plaintiff Christopher Williams brings this action against Defendants Downtown Tire & Car Care, LLC and Mark Yagour, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Wage Acts"), and for damages for criminal acts pursuant to R.C. §§ 2307.60, 2319.11, *et seq*.

## PARTIES

1. Williams is a resident of the state of South Carolina.

2. Downtown Tire & Car Care, LLC is an Ohio corporation with its principle place of business located in the city of Cleveland, county of Cuyahoga, state of Ohio.



The Employee's Attorney.™

3. Downtown Tire & Car Care, LLC does business as "Safeway Tire," and is hereinafter referred to as "Safeway."

4. At all times hereinafter mentioned, Safeway constituted a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act, in that it has an annual dollar volume of sales or business done of at least $500,000, and it sells goods moved in interstate commerce, such as tires and automobile parts.

5. Yagour is a resident of the state of Ohio.

6. Yagour is the owner and or principal of Downtown whom exercises significant control over Downtown's day-to-day operations and its labor and pay practices.

7. At all times relevant herein, Yagour supervised and/or controlled Williams' employment with Downtown, and acted directly or indirectly in the interest of Downtown in relation to its employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

8. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Yagour is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over Yagour's closely related state law claims under 28 U.S.C. § 1367.

9. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.



# FACTS

10. Downtown is engaged in the business selling automobile tires and performing automotive repairs.

11. Upon information and belief, Safeway obtains tires and automobile parts from local and out-of-state distributors.

12. In addition to selling tires and automobile repairs, Safeway solicits its customers to obtain credit cards issued by banks located outside of Ohio, such as Synchrony Bank and Credit First National Association.

13. Williams was originally hired by Defendants on or around August 18, 2016 as a mechanic.

14. As a mechanic, Williams regularly handled materials and tools that were moved in interstate commerce, to include accepting deliveries from out-of-state distributors and manufacturers.

15. During all times material to this complaint, Williams was an "employee" of Safeway within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

16. During all times material to this complaint, Defendants regularly and willfully refused to pay Williams a minimum wage for all hours worked.

17. Defendants issued Williams paper paychecks for the hours he worked.

18. Several of the paper paychecks Defendants issued to Williams were dishonored due to insufficient funds, to include checks Nos. 71360 ($715.00), 71472 ($559.00), 71473 ($717.00), 71550 ($764.00), 71551 ($641.00), 71603 ($614.00), and 71240 ($717.00).

19. As a result of Defendants' dishonored checks, Williams incurred bank fees and other penalties.

20. As a result of Defendants' dishonored checks, PNC Bank eventually involuntarily closed Williams' checking account and threatened to prosecute Williams for check fraud.

21. As a result of Defendants' dishonored checks, Williams was not paid for all hours worked.

The Employee's Attorney.™ 

22. At the time Defendants passed bad checks to Williams, they were aware that the accounts the checks were drawn on had insufficient funds.

23. Defendants intentionally failed to pay Williams, in bad faith.

24. Defendants knowingly passed bad checks to Williams with the intent of fraudulently inducing Williams to continue working for Safeway for free.

25. Williams made multiple complaints to Yagour regarding Safeway's failure to pay him.

26. When Williams complained about Safeway's checks not being honored, Defendants issued him new checks, which were then dishonored when Williams attempted to cash them.

27. On or around November 9, 2016, Williams resigned from his employment with Safeway after Defendants ignored his multiple complaints regarding Defendant's pay practices and dishonored paychecks.

28. On or around November 21, 2016, Defendants issued Williams two checks to replace the earlier, dishonored checks.

29. Before again attempting to deposit the November 21, 2016 checks, Williams first contacted Safeway's bank, First National Bank, to verify that funds were available.

30. First National Bank verified that Safeway's account had no funds in it and that if Williams attempted to deposit the November 21, 2016 checks, they would be dishonored.

31. Defendants continued to refuse to pay Williams until after Williams obtained counsel.

32. In or around late May, 2017, Defendants contacted Williams directly and told him that funds were finally available to satisfy the November 21, 2016 checks.

33. Because Defendants' checks were greater than 180 days old, Williams was unable to find a bank or check cashing business that would cash Defendants' checks.



34. Defendants knew that Williams would be unable to cash the November 21, 2016 checks, and merely advised Williams that he could cash the checks as part of an effort to prevent this litigation.

35. Defendants have not offered to pay Williams liquidated damages for their bad faith violations of the FLSA, nor have they offered to pay the bank fees, penalties, and cost Williams has incurred as a result of Defendants' conduct.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. During all times material to this complaint, Williams was not exempt from receiving minimum wage under the FLSA because, inter alia, he was not an "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, *et seq*.

38. During all times material to this complaint, Defendants failed to pay Williams the proper minimum wage rate or for all hours worked as prescribed by 29 U.S.C. § 206.

39. Defendants did not act in good faith in violating the FLSA.

40. Defendants' violations of the FLSA were not reasonable.

41. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Williams for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II : VIOLATION OF THE OHIO WAGE ACT

42. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™ 

43. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

44. During all times material to this complaint, Safeway was a covered employer required to comply with the Ohio Wage Act's mandates.

45. During all times material to this complaint, Williams was a covered employee entitled to individual protection of Ohio Wage Act.

46. Defendants violated the Ohio Wage Act with respect to Williams by, *inter alia*, failing to compensate Williams for all hours worked or to pay Williams the minimum wage, and are liable to Williams for the full amount of unpaid wages as well as costs and reasonable attorney fees.

**COUNT III : VIOLATION OF THE OHIO PROMPT PAY ACT**

47. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. During all times material to this complaint, Safeway was an entity covered by the OPPA; and Williams was employed by Safeway within the meaning of OPPA.

49. The OPPA requires that Safeway pay Williams all wages, including unpaid minimum wage on or before the first day of each month, for wages earned by Williams during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for wages earned by Williams during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

50. During all times material to this complaint, Williams was not paid wages, to include the minimum wage, within 30 days of performing the work. *See* O.R.C.§ 4113.15(B).

51. Williams' unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.


The Employee's Attorney.™

52. In violating the OPPA, Safeway acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### **COUNT VI: CIVIL ACTION FOR CRIMINAL ACTS – R.C. 2913.11 (PASSING BAD CHECKS)**

53. Williams restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

54. Ohio law provides a civil action for damages caused by a criminal act. Ohio R.C. § 2307.60; *Jacobson v. Kaforey*, 2016-Ohio-8434 (Ohio).

55. Ohio law provides that no person shall "with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument." *See* R.C. 2913.11.

56. Defendants did not pay or satisfy the dishonored checks they issued to Williams.

57. The aggregate amount of the bad checks Defendants issued to Williams is greater than $1000.00, but less than $7,500.00. Accordingly, Defendants committed a felony of the fifth degree when they passed bad checks to Williams. *See* R.C. 2913.11 (E), (F).

58. As a direct and proximate cause of Defendants' conduct, Williams suffered and will continue to suffer damages.

### **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Christopher Williams request judgment against Defendants Downtown Tire & Car Care, LLC and Mark Yagour and for an Order:

(a) Awarding to Williams unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA and R.C. § 4113.15;

(b) Awarding Williams costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

The Employee's Attorney.™

(c) An injunction prohibiting Safeway from engaging in future violations of the FLSA, the Ohio Wage Act and the OPPA;

(d) Awarding Williams for all damage, relief, or any other recovery whatsoever in connection with his claims under R.C. §2307.60, to include, but not limited to economic damages, non-economic damages, punitive damages, attorneys fees, and costs; and

(e) Awarding Williams such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Christopher Williams*

## **JURY DEMAND**

Plaintiff Christopher Williams demands a trial by jury by the maximum number of jurors permitted.

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

